IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v. § CRIMINAL NO. 4:20-CR-202-ALM-KPJ <br> § <br> CHRISTOPHER KING § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on July 15, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney Chris Eason.

On October 3, 2023, United States District Judge Amos L. Mazzant, III sentenced Defendant to time served followed by three (3) years of supervised release. *See* Dkts. 49 at 1–3; 54 at 1. On October 6, 2023, Defendant began serving his term of supervised release. *See* Dkt. 54 at 1.

On April 18, 2024, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 54), alleging Defendant violated four conditions of his supervised release. *Id.* at 1–2. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first obtaining permission from the Court or the Probation Officer; (3) Defendant shall participate in a program of testing and treatment for substance abuse

1

and follow the rules and regulations of that program until discharged; and (4) Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules of those programs, until discharged. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On February 14, 2024, Defendant reported to the Probation Office to provide a urine specimen. The urine specimen tested positive for marijuana and methamphetamine. Defendant verbally admitted to using both substances on February 9, 2024. Additionally, the specimen was confirmed positive by the national lab.

On March 5, 2024, Defendant reported to McCary Counseling Services in Denton, Texas and submitted a positive urine specimen for marijuana and methamphetamine. Defendant verbally admitted using both substances. Additionally, the specimen was confirmed positive by the national lab.

On March 15, 2024, Defendant reported to the Probation Office and submitted a positive urine specimen for methamphetamine. Defendant denied using any illegal substances, but the urine specimen was confirmed positive by the national lab.

(2) During a home visit conducted on January 12, 2024, Defendant verbally admitted to staying overnight, on several occasions, at an associate's residence in Dallas, Texas, which is in the Northern District of Texas, without the permission of the Probation Office.

(3) As part of the random drug testing program, Defendant failed to submit a urine specimen at McCary Counseling Services on January 13, 24, and 29, 2024 and February 26, 2024. Additionally, as part of the substance abuse treatment program, Defendant failed to attend group counseling on January 23, 2024.

(4) As part of the mental health treatment program, Defendant failed to attend individual counseling on January 17 and 23, 2024, with Well Culture Counseling in Denton, Texas. Additionally, Defendant failed to attend individual counseling for the month of March 2024.

On July 15, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for July 15, 2024. Defendant entered a plea of true to allegations one through four, consented to revocation of his supervised release, and waived his right to object to the proposed

findings and recommendations of the undersigned. *See id.*; Dkt. 66. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 15, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for eight (8) months with twenty-four (24) months of supervised release to follow under the same conditions as those under which he was originally released. The Court further recommends that Defendant be placed at FMC Fort Worth in Fort Worth, Texas, if appropriate.

**So ORDERED and SIGNED this 15th day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE