**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-00202-ALM-BD |
| | § | |
| CHRISTOPHER KING (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Christopher King's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on August 31, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer. The Government was represented by Marissa Miller.

Defendant was sentenced on October 3, 2023, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm by a Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of III, was 24 to 30 months. Pursuant to the history and characteristics of Defendant pursuant to 18 U.S.C. § 3553(a)(1), Defendant received a variance and was subsequently sentenced to Time Served followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment and testing, mental health treatment, and a $100 special assessment. On October 6, 2023, Defendant completed his period of imprisonment and began service of the supervision term. On July 19, 2024, the original term of supervised release was revoked, and Defendant was sentenced to 8 months imprisonment followed by a 24-month term of supervised release.

Defendant completed his term of imprisonment on January 17, 2025, and commenced his new term of supervised release in the Eastern District of Texas.

On July 22, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #71, Sealed). The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) Mandatory Condition Defendant must refrain from any unlawful use of a controlled substance; (2) Mandatory Condition Defendant must not commit another federal, state, or local crime; (3) Special Condition Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program; (4) Standard Condition Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (5) Standard Condition Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (6) Standard Condition Defendant must follow the instructions of the probation officer related to the conditions of supervision; and (7) Defendant must participate

in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with Defendant's treatment provider, will supervise Defendant's participation in the program. (Dkt. #71 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On January 31, 2025, Defendant submitted a urine specimen at McCary Counseling Services in Denton, Texas, which tested positive for methamphetamine. Defendant verbally admitted to using methamphetamine prior to submission. The specimen was confirmed positive by the national lab. On April 25, 2025, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas, which tested positive for methamphetamine and marijuana. When questioned, Defendant verbally denied any new use and attributed his positive results to residual use. However, the specimen was confirmed by the national lab for both substances. On February 4, 2026, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas, which tested positive for marijuana. Defendant verbally and in writing admitted using and stated he used once on his birthday, February 1, 2026. The specimen was subsequently confirmed by the national lab; (2) On April 19, 2025, Defendant was arrested by the Little Elm, Texas Police Department for the felony offense of Poss CS PG 1/1-B>=1G<4G. Defendant was released on a $5,000 bond on April 20, 2025. On September 25, 2025, formal charges were filed in Denton County, Texas under Case No. F25-4117-462. Communication with the Denton County District Clerk's Office confirmed the case remained active and was currently pending before the 462nd District Court in Denton County, Texas at the time of the filing of the Petition. According to the offense report, officers observed a vehicle with a temporary license plate that expired in January 2025. After observing the expired plates, they initiated a traffic stop on the vehicle. During the stop, the officers made contact with the driver later identified as Defendant. Defendant appeared very nervous and told the officers the

vehicle did not belong to him. Defendant explained it belonged to his friend, Mr. Noble. However, the officers ran the Vehicle Identification Number and noticed the vehicle did not belong to Defendant or Mr. Noble. When questioned about this, Defendant was unable to provide a reasonable explanation. During the conversation, one officer noticed what appeared to be some type of suspicious material in the vehicle. This prompted the officers to conduct a search of the vehicle and Defendant. During the search, they found a small plastic bag containing a white crystal-like substance. The plastic bag was found in Defendant's wallet, and Defendant admitted the illegal substance was methamphetamine. Defendant was placed under arrest and transported to the Denton County Jail; (3) During his admission to the Salvation Army Men's Rehabilitation Center beginning on or about August 19, 2025, Defendant received mental health treatment including a medication regimen from North Texas Behavioral Health Authority in Dallas, Texas. Defendant failed to attend his appointment on January 1, 2026. During the office visit on February 4, 2026, Defendant verbally admitted he discontinued the mental health medication regimen; (4) On or about August 19, 2025, Defendant commenced a 6-month inpatient substance abuse program at the Salvation Army Men's Rehabilitation Center in Dallas, Texas. Defendant appeared to be making progress at the residential treatment center, but on February 2, 2026, during a home visit at the center, staff informed the probation officer Defendant had been unsuccessfully discharged from the program on December 11, 2025, due to missing curfew. Defendant did not notify the probation office of the change in residence. During an office visit on February 4, 2026, Defendant reported he returned to live with his mom and verbally admitted he did not contact the probation office to update his status or change in address; (5) & (6) On or about February 23, 2026, Defendant again commenced a 6-month inpatient substance abuse program at the Salvation Army Men's Rehabilitation Center in Dallas, Texas. On June 10, 2026, the probation officer conducted a home

visit at the facility to verify Defendant's residence and compliance with treatment. Staff reported Defendant was doing well in the program. The probation officer later met with Defendant and instructed him to provide monthly updates regarding his progress. On July 13, 2026, after not receiving any communication from Defendant, contact was made with the rehabilitation center for a status update. Staff advised that Defendant had been unsuccessfully discharged from the program on June 18, 2026, due to missing curfew. Since his discharge, Defendant failed to contact his probation officer, and his current residence or whereabouts remained unknown at the time of the filing of the Petition; and (7) Due to his continued substance abuse, Defendant was instructed to participate in inpatient substance abuse treatment. As a result, outpatient treatment services were discontinued so Defendant's treatment needs could be addressed through a more intensive level of care at the Salvation Army Men's Rehabilitation Center. On two separate occasions, Defendant was unsuccessfully discharged from the inpatient program for failing to comply with the rules and regulations of the facility, including missing curfew. As a result, Defendant failed to successfully participate in substance abuse treatment as directed. (Dkt. #71 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1, 3, 4, 5, 6, and 7 in the Petition. Having considered the Petition and the plea of true to allegations 1, 3, 4, 5, 6, and 7 the court finds that Defendant did violate his conditions of supervised release.

The Government moved to dismiss allegation 2 in the Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

**RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of thirteen (13) months, to run consecutive to any sentence imposed in Case No. F25-4117-462 in the 462nd District Court in Denton County, Texas, with no term of supervised release to follow.

The court further recommends that the Government's Motion to Dismiss allegation 2 in the Petition be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 9th day of September, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE